## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

SCOTT N.,

          Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

Civil No. 21-3571 (RMB)

**OPINION**

**APPEARANCES**

Kathryne Hemmings Pope
25 Hunter Street
P.O. Box 7
Woodbury, New Jersey 08096

    *On behalf of Plaintiff*

Robert S. Drum
Social Security Administration
Office of the General Counsel
P.O. Box 41777
Philadelphia, Pennsylvania 19101

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court upon an appeal filed by Plaintiff Scott N.

seeking judicial review of the final determination of the Commissioner of the Social

Security Administration (the "Commissioner" and the "SSA," respectively), which

denied Plaintiff's application for Social Security benefits. For the reasons set forth herein, the Court will affirm the decision of the Administrative Law Judge ("ALJ").

## I.   PROCEDURAL HISTORY

On October 26, 2017, Plaintiff protectively filed an application for Social Security benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of disability beginning May 23, 2017. [R. at 53.] The claim was first denied on February 16, 2018, and again denied upon reconsideration on May 14, 2018. [*Id.*] On May 30, 2018, Plaintiff filed a written request for a hearing before an ALJ, which took place on October 4, 2019. [*Id.*] Plaintiff was represented by Lori Wyatt, a non-attorney representative, at the hearing, at which the ALJ heard testimony from Plaintiff and impartial vocational expert Michael Kibler (via telephone). [*Id.*]

On October 29, 2019, the ALJ issued a decision denying Plaintiff's claim for benefits. [R. at 53–70.] Plaintiff requested Appeals Council review of that decision on December 13, 2019. [R. at 204–07.] That Request was denied by the Appeals Council on January 11, 2021, rendering the ALJ's decision final. [R. at 1–6.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Hess*, 931 F.3d at 208 n.10 (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The

claimant bears the burden of proof at steps one through four, whereas the

Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Recently,

the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step

of the analysis:

> At step one, the ALJ determines whether the claimant is
> performing "substantial gainful activity." 20 C.F.R. §§
> 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.*
> Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any
> "severe medically determinable physical or mental impairment" that
> meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii),
> 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits
> [the claimant's] physical or mental ability to do basic work activities[.]"
> *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment,
> he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has
> such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's
> impairments meet or equal the requirements of an impairment listed in
> the regulations." [*Smith v. Comm'r of Soc. Sec.*], 631 F.3d [632, 634 (3d
> Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R.
> §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves
> on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional
> capacity" ("RFC") and whether he can perform his "past relevant
> work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC]
> is the most [he] can still do despite [his] limitations." *Id.* §§
> 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past
> relevant work despite his limitations, he is not disabled. *Id.* §§
> 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to
> step five.
>
> At step five, the ALJ examines whether the claimant "can make
> an adjustment to other work[,]" considering his "[RFC,] . . . age,
> education, and work experience." *Id.* §§ 404.1520(a)(4)(v),
> 416.920(a)(4)(v). That examination typically involves "one or more
> hypothetical questions posed by the ALJ to [a] vocational expert."

*Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

## III.   FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff, who was born on May 31, 1972, was 44 years old on the alleged onset date and 48 years old at the time of his administrative hearing on October 4, 2019. [*See* R. at 53, 68.] Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. [R. at 55.]

### A.   The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in gainful activity since May 23, 2017. [R. at 56.]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative joint disease of the right ankle, multiple sclerosis, chronic obstructive pulmonary disease ('COPD'), status-post hemothorax and lung contusion with residual effects, and obesity." [*Id.*]

At step three, the ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." [R. at 59–60.]

At step four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to extreme cold, pulmonary irritants, and hazards such as unprotected heights and moving mechanical parts; no constant operations of foot controls with the right lower extremity; and no overhead reaching bilaterally.

[R. at 60–68.] The ALJ also found that Plaintiff "is unable to perform any past relevant work." [R. at 68.]

At step five, the ALJ found that, during the relevant period "there are jobs that exist in significant numbers in the national economy that the claimant can perform." [R. at 68–70.] Specifically, the ALJ adopted the VE's testimony that Plaintiff could perform the following occupations: "Call out operator (DOT No. 237-367.014)," "Addresser (DOT No. 209-587.010)," and "Information clerk (DOT No. 237-367.046)." [R. at 69.] Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 23, 2017, through [October 29, 2019]." [R. at 70.]

## IV.   DISCUSSION

Plaintiff makes a two-part argument in support of remanding this case: that "[t]he ALJ erred in finding several of Plaintiff's conditions are non-severe at Step Two and failed to add any related limitations to the impairments at Step Four." [Docket No. 12, at 17.] Plaintiff rightly consolidates these arguments into one because, as the Honorable Noel L. Hillman recently held:

> Typically when an ALJ finds that the claimant has at least one severe impairment at step two and continues onto the subsequent steps,

omission of another impairment, or the determination that an impairment is not severe, is harmless error.

The error at step two is only harmless, however, where the ALJ has considered the medically determinable impairment in the RFC determination and it would not otherwise affect the outcome of the case. This is because the RFC assessment must take into consideration all of a claimant's medically determinable impairments in combination, including those that the ALJ has found to be severe, as well as those that the ALJ has not deemed to be severe at step two.

*Willistine S. v. Comm'r of Soc. Sec.*, No. 20-5501, 2021 U.S. Dist. LEXIS 187404, at *8 (D.N.J. Sept. 29, 2021) (citations omitted). Therefore, the pertinent issue before the Court is whether the ALJ adequately considered Plaintiff's non-severe impairments in determining his RFC.

Plaintiff argues that, "[i]n her explanation of the residual functional capacity, the ALJ failed to address Plaintiff's mental health conditions at all." [Docket No. 12, at 21.] Plaintiff points specifically to the ALJ ignoring Plaintiff's "ability to sustain concentration, maintain pace, and focus or possible absences from work due to his mental health conditions or the related medication side effects," as well as Plaintiff's difficulty "interacti[ng] with others." [*Id.*]

The Court disagrees with Plaintiff that the ALJ erred by not considering Plaintiff's mental impairments—regardless of their severity—in determining his RFC. First of all, the ALJ based his RFC on a "careful consideration of the entire record," which indisputably included Plaintiff's mental impairments. [*See* R. at 60.] The Court notes that the ALJ could have been more explicit in determining that Plaintiff's mental impairments did not warrant additional limitations in his RFC; however, a fair reading of the decision establishes that the ALJ thoroughly reviewed

Plaintiff's mental impairments and determined, based on substantial evidence, that they did not warrant additional limitations in Plaintiff's RFC. Moreover, as Defendant points out in its brief, Plaintiff "does not point to record evidence justifying" the limitations that he seeks. [*See* Docket No. 15, at 16.]

The ALJ discussed Plaintiff's depression and anxiety as limitations that she considered in determining the RFC and recited some of the symptoms that Plaintiff alleges to suffer from as a result of those mental impairments. [*See* R. at 60–61.] The ALJ also considered admissions from Plaintiff that show that Plaintiff does not require any accommodations for his mental impairments. [*See* R. at 61.] For instance, at the time of the hearing, Plaintiff held a part-time, customer-facing job where, among other things, he was responsible for closing an auto parts store, ringing up and assisting customers, and making deposits at the end of his shift. [*Id.*] The ALJ also referenced other activities that Plaintiff engaged in, such as taking care of his children, doing housework and yardwork, and managing his financials. [*Id.*]

Plaintiff's argument that the ALJ entirely failed to consider Plaintiff's mental impairments in determining his RFC requires an unfair mincing of the ALJ's decision. Instead, a fair reading of the ALJ's decision illustrates her thorough consideration of Plaintiff's mental impairments and, ultimately, a justified determination that those impairments did not require RFC limitations. Therefore, the Court finds that the ALJ did not err in determining Plaintiff's RFC. As a result, any purported error in determining that his mental impairments were non-severe was

harmless and cannot be the basis for remand.[1] Therefore, the Court will affirm the ALJ's decision.

## V.   CONCLUSION

For the reasons expressed above, the Court will affirm the ALJ's decision. An accompanying Order shall issue.

April 28, 2022                              s/Renée Marie Bumb
Date                                        Renée Marie Bumb
                                            United States District Judge

---

[1] Plaintiff also briefly argues that the ALJ erred in finding that injuries to Plaintiff's right knee were non-severe. [Docket No. 12, at 22.] Plaintiff does not, however, argue that this finding in any way affected the RFC determination. [*See id.*] Therefore, Plaintiff implicitly concedes that any purported error was harmless, and the Court need not address this argument.